IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| *ex rel.* CLEVE HEIDELBERG, ) | |
|  ) | |
| Plaintiffs, ) | |
|  ) | |
| v. ) | Case No. 14-cv-816-JPG-PMF |
|  ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
|  ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Cleve Heidelberg's appeal of Magistrate Judge Philip M. Frazier's August 21, 2015, order (Doc. 60), or, in the alternative, request for interlocutory appeal (Doc. 67), and motion for merit review hearing and its signed supplement (Docs. 68 & 74). Defendant Wexford Health Sources, Inc. ("Wexford") has responded to the appeal (Doc. 72). In Magistrate Judge Frazier's August 21, 2015, order, he:

- denied Heidelberg's motion for an extension of time for counsel to appeal and seek leave to amend the complaint (Doc. 51) in light of the fact that there is no deadline for appearances, amendment at this late date would interfere with the dispositive motion deadline and trial date, and Heidelberg had been given ample time to amend earlier in the case;

- granted in part and denied in part Wexford's motion to compel and for sanctions (Doc. 50) and ordered Heidelberg to respond to Wexford's discovery requests by September 4, 2015, and to pay Wexford's reasonable discovery costs for the matter;

- denied Heidelberg's motion to recall and for reconsideration (Doc. 55) and motion for a writ of *habeas corpus ad testificandum* (Docs. 57 & 58) on the grounds that Wexford is not responsible for Heidelberg's litigation decisions, the prison system is not required to advance civil litigation expenses to inmates, Heidelberg has other remedies for his complaints about his treatment in prison, Heidelberg has no right of access to the courts for a False Claims Act case brought on behalf of the United States, and the Court has no authority to change Heidelberg's custody status; and

- denied Heidelberg's motion for a discovery conference (Doc. 56) since discovery has already closed.

Heidelberg objects to every aspect of this order in his appeal and also addresses some of the same issues in his motion for a merit review hearing. The Court considers both together.

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

The Court has carefully reviewed Magistrate Judge Frazier's August 21, 2015, order and Heidelberg's objection to it and finds the order is not clearly erroneous or contrary to law. Consistent with Federal Rules of Civil Procedure 15(a) and 16(b)(4), Magistrate Judge Frazier denied an extension of time to amend the complaint where the amendment would cause undue delay and where two prior opportunities to amend had been squandered. Magistrate Judge Frazier's order compelling Heidelberg to respond to discovery requests and pay Wexford's expenses in connection with the matter is consistent with Federal Rule of Civil Procedure 37 and is not erroneous or contrary to law simply because Heidelberg says he sent his responsive documents to an attorney who has not appeared in the case or says he attached them to his complaint. Magistrate Judge Frazier was also correct not to hold a discovery conference once the discovery deadline had passed. Finally, Magistrate Judge Frazier's resolution of Heidelberg's motion to recall and for reconsideration and motion for a writ of *habeas corpus ad testificandum* was also correct for the reasons set forth in the August 21, 2015, order. The Court further finds no reason to reconsider Magistrate Judge Frazier's rulings *sua sponte*. Accordingly,

the Court will affirm that order without a hearing, as Heidelberg requests in his motion for a merit review hearing.

To the extent Heidelberg seeks leave to file an interlocutory appeal under 28 U.S.C. § 1292(b), the Court does not find this matter involves a controlling question of law as to which there is a substantial ground for difference of opinion and that immediate appeal would materially advance the termination of this litigation. Accordingly, the Court declines to permit an interlocutory appeal.

For the foregoing reasons, the Court:

- **AFFIRMS** Magistrate Judge Frazier's August 21, 2015, order (Doc. 60);
- **OVERRULES** Heidelberg's objection to that order (Doc. 67);
- **DENIES** Heidelberg's motion for leave to file an interlocutory appeal (Doc. 67); and
- **DENIES** Heidelberg's motion for a merit review hearing (Doc. 68).

**IT IS SO ORDERED**.
**DATED: September 29, 2015.**

                                     s/ J. Phil Gilbert
                                     **J. PHIL GILBERT**
                                     **DISTRICT JUDGE**