IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLEVE HEIDELBERG, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Case No.  3:14-cv-816-JPG-PMF |
| ) | |
| **WEXFORD HEALTH SERVICES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant's motion to dismiss (Doc. No. 38).  Plaintiff Cleve Heidelberg is proceeding against defendant Wexford Health Services as a relator under the False Claims Act.  Wexford seeks dismissal on two grounds: that a False Claims Act claim may not be prosecuted by a *pro se* relator, and that the factual allegations do not satisfy the pleading standard of Rule 9 of the Federal Rules of Civil Procedure.  The motion is opposed on the basis that Heidelberg intends to modify the nature of this litigation in order to replace the False Claims Act claim with a claim under the Medicare Second Payer Statute (Doc. No. 41).  After the motion to dismiss was filed, the Court set July 3, 2015, as the deadline for parties to seek leave to amend (Doc. No. 49).  While Heidelberg sought and received permission to amend, he did not submit a proper pleading before the deadline expired (Doc. Nos. 21, 22, 30, 32, 40, 48, 59, 79).  Accordingly, the Complaint (Doc. No. 1) remains the operative pleading.

### I.    Pro Se Relator

The False Claims Act subjects persons to liability for certain acts, including presenting a false or fraudulent claim for payment.   31 U.S.C. § 3729.   A private individual may being a civil

action as a relator, on behalf of the United States government. When a private person brings an action, the government is notified, may elect to proceed or may decline to take over, in which case the person bringing the action (the relator) has the right to conduct the action. 31 U.S.C. 6 3730(b). Even so, relators do not sue on behalf of themselves; they sue on behalf of the government. They must therefore comply with the rule prohibiting nonlawyers from representing other litigants. *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004), *overruled on other grounds, U.S. ex rel. Eisenstein v. City of New York, New York*, 129 S. Ct. 2230 (2009).

In this case, plaintiff Heidelberg brought the action *pro se*, as a relator. He is not licensed to practice law. After the government declined to intervene, Heidelberg attempted to retain counsel or obtain an order appointing an attorney to provide pro bono representation, without success (Doc. Nos. 2, 9, 17, 18, 31, 36, 42, 51, 55, 65, 69). Because Heidelberg has not obtained legal representation, this action should be dismissed.

## II. Sufficiency of Pleading

Rule 9(b) of the Federal Rules of Civil Procedure creates an elevated pleading standard for fraud claims. When alleging fraud, "a party must state with particularity the circumstances constituting fraud . . . " Fed. R. Civ. P. 9(b). The Court of Appeals has explained that a complaint alleging fraud must plead "who, what, when, where, and how." *Wigod v. Wells Fargo Bank, N.A.* 673 F.3d 547, 569 (7th Cir. 2012). To establish civil liability under the False Claims Act, plaintiff must allege (1) that the defendant made a statement in order to receive money from the government; (2) that the statement was false; and (3) that the defendant knew the statement was false. *United States ex rel. Yannacopoulos v. Gen. Dynamics*, 652 F.3d 816, 822 (7th Cir. 2011).

Wexford argues that the Complaint is deficient for failing to include specific facts supporting the existence of an agreement or conspiracy between Wexford, the Illinois Department of Corrections, and the John Doe Hospitals and Clinics to obtain payment on specific false claims. Heidelberg relies on Judge Gilbert's September 4, 2014, screening Order, which includes a finding that the Complaint "states a colorable cause of action" (Doc. No. 9). The undersigned is not persuaded that Judge Gilbert's remark in the screening order shows that the Complaint satisfies Rule 9(b), which heightens the pleading standard.

On review of the Complaint, the Court finds conclusory allegations. Specific and particular information satisfying the "who, what, when, where, and how" requirement of Rule 9(b) is not included in the allegations. The Complaint is also subject to dismissal on this ground.

### III. Conclusion

IT IS RECOMMENDED that the motion to dismiss (Doc. No. 37) be GRANTED. This action should be dismissed without prejudice. If plaintiff elects to refile under the False Claims Act, he must be represented by counsel.

**SUBMITTED:** November 30, 2015.

      s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**